UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22362-CIV-HOEVELER/BROWN

**CHRISTIAN KAPPELMANN,**

    Plaintiff,

v.

**BROWN & BROWN, INC.**
**A Florida For Profit Corporation,**

    Defendant.
_____/

## ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL

THIS CAUSE comes before the Court on Defendant Brown & Brown, Inc. ("Defendant" or "Brown & Brown")'s Motion to Strike Plaintiff's Demand for Jury Trial, filed October 24, 2007.  The motion has been fully briefed.

Plaintiff Christian Kappelmann ("Plaintiff" or "Kappelmann") filed this lawsuit, with jury demand, for interference and retaliation violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (2008), and retaliation under Florida's Workers Compensation Statute, Fla. Stat. 440.205 (2007).  Defendant filed its Motion to Strike based on a four-page, signed employment agreement ("Employment Agreement"), Paragraph 17 of which expressly states:

> 17.   <u>Waiver of Jury Trial.</u>  Employee and Company hereby knowingly, voluntarily and intentionally waive any right either may have to a trial by jury with respect to any litigation related to or arising out of, under or in conjunction with this Agreement, or Employee's employment with the Company.

The Eleventh Circuit has held that "a party may validly waive its Seventh Amendment right to a jury trial so long as waiver is knowing and voluntary." <u>Bakrac, Inc. v. Villager</u>

Franchise Sys. Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006) (citing Brookhart v. Janis, 384 U.S. 1, 4, 5 (1966)); see also Leasing Service Corp. v. Crane, 804 F.2d 828, 832-33 (4th Cir. 1986).  In determining whether a party has knowingly and voluntarily waived its right to a jury trial, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." See Bakrac, Inc., 164 Fed. Appx. at 824.  In this consideration, "it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." Allyn v. Western United Life Ass. Co., 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004) (citation omitted).

In the present matter, the Court finds that the waiver in question is valid. The waiver, written in clear and unambiguous language, was conspicuously set forth in the Employment Agreement.  The waiver is not one-sided, as it applies to both employer and employee alike.  The separate paragraph's heading, Waiver of Jury Trial, is underlined and all of Paragraph 17 is in the same size font type as the rest of the document.  The waiver is located on the same page as the signature block, which is signed and dated.  There is no evidence before the Court that Plaintiff did not possess sufficient education and experience to enter into the Employment Agreement, nor has Plaintiff supplied sufficient evidence to support a claim of unconscionability.  In short, Plaintiff has failed to cast doubt on the knowing and voluntary nature of the express waiver of the jury trial right.  Lastly, the Court finds no facts that call into dispute the expressly knowing and voluntary nature of the waiver that would make enforcement of

2

the provision unfair or contrary to public policy.

In light of the above, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Strike Plaintiff's Demand for Jury Trial is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 7th day of March, 2008.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE


Copies to: Counsel of Record