UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CHRISTIAN KAPPELMANN,**

        Plaintiff,

                              **CASE NO. 07-22362-CIV-HOEVELER**

vs.

**BROWN & BROWN, INC.,**
a Florida For Profit Corporation,

        Defendant.

_____/

### DEFENDANT'S MOTION *IN LIMINE* TO BAR EVIDENCE OR ARGUMENT REGARDING MATTERS AND WITNESSES NOT DISCLOSED OR TIMELY DISCLOSED BY PLAINTIFF DURING DISCOVERY

Pursuant to Fed. R. Evid. 403, Defendant Brown and Brown, Inc. ("Brown & Brown" or "Defendant"), by and through its undersigned counsel, hereby moves *in limine* that the Court preclude Plaintiff Christian Kappelmann ("Kappelmann" or "Plaintiff") from introducing at trial:

    1.    Evidence from or related to witnesses not disclosed by Plaintiff during discovery;

    2.    Documents not disclosed or produced during discovery; and

    3.    Any evidence or argument regarding any matter or issue not disclosed in discovery.

### BACKGROUND

Plaintiff's three-count Complaint alleges claims for FMLA interference (Count I), FMLA retaliation (Count II), and workers' compensation retaliation under § 440.205, Fla. Stat. (Count III). Plaintiff has been proceeding *pro se* since September 10, 2008.

Since that date, Plaintiff has neither prosecuted his claims nor cooperated with Defendant in scheduling discovery pursuant to the Court's September 23, 2008, Scheduling Order. Defendant served its First and Second Interrogatories and First and Second Request to Produce on Plaintiff on July 22, 2008. Plaintiff finally appeared for deposition and served his Answers to Interrogatories and produced documents, presumably responsive to Defendant's Requests to Produce, on February 12, 2009, after Defendant had filed a Motion to Compel (Dkt. ## 23 and 24) and one day before the then-applicable discovery cut-off. In its Order granting Defendant's Motion to Compel (Dkt. # 32), the Court ordered Plaintiff to produce all responsive documents and adequate discovery responses no later than March 21, 2009. Subsequent to February 12, 2009, Plaintiff did not produce any additional documents, amend any of his Answers to Interrogatories, or conduct any discovery during the period from February 12, 2009, through March 23, 2009, the extended deadline provided by the Court, or any other time predating this Motion. Despite Defendant's efforts to coordinate a pretrial meeting with Plaintiff, Defendant was forced to file a Unilateral Pretrial Stipulation (Docket # 42) to meet the April 27, 2009, deadline therefor set forth in the Scheduling Order. Plaintiff has not served or filed a Pretrial Statement to date.

Defendant has been hampered at every turn by Plaintiff's unresponsiveness and failure to comply with his obligations under the Federal Rules of Civil Procedure and the Court's Scheduling Order. Indeed, Defendant has had to expend considerable time and expense defending a lawsuit that Plaintiff does not seem even to wish to prosecute. Accordingly, Defendant seeks the Court's protection, so that it is not prejudiced by Plaintiff's inaction or subjected to trial by ambush, should Plaintiff attempt to add

witnesses or evidence not previously disclosed, on the eve of or at trial, which is currently scheduled during the two-week period beginning on June 15, 2009.

## MEMORANDUM OF LAW

Plaintiff's blatant disregard for the Federal Rules of Civil Procedure and the Court's Scheduling Order should preclude him from calling witnesses or introducing evidence not previously disclosed at trial. Fed. R. Civ. P. 37(c)(1) provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use at trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The Court enjoys considerable discretion in determining whether the sanction permitted under Rule 37 is imposed. *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (excluding evidence not disclosed in accordance with Rule 26).

**1.   Witnesses Not Timely Disclosed and Related Evidence Should Be Excluded.**

In response to Defendant's First Interrogatories, when asked to identify all witnesses with knowledge, Plaintiff listed a single witness, Robert Hollander. (Dkt. # 37, Answer No. 7). Plaintiff should be precluded from calling any witnesses not identified prior to the deadline for filing the Pretrial Stipulation.

Discovery rules are designed to allow both sides to prepare their cases adequately and to prevent surprise, *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000), and "[c]ompliance with the requirements of Rule 26 is not merely aspirational, *Cooper,* 390 F.3d at 728. In determining whether the exclusion of evidence is warranted, various

3

factors guide the courts in the exercise of their discretion, including the prejudice or surprise to the party against whom the evidence is to be offered, the ability of that party to cure the prejudice, the likelihood of disruption to the trial, and the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

Under the instant facts and circumstances, application of the factors considered in *David* allows the exclusion of witnesses previously undisclosed by Plaintiff. First, severe prejudice to Defendant arises, because discovery closed on March 23, 2009, and any undisclosed witnesses would result in surprise and Defendant's inability to properly prepare for trial. Second, Defendant cannot cure any prejudice imposed by the belated disclosure of witnesses by Plaintiff, because Defendant has already filed a Motion for Summary Judgment based upon the evidence in the record at the close of discovery, and Defendant is in the final stages of intensive preparation for trial, in the event the Motion is denied. Third, pretrial preparation and the trial itself will be disrupted by any twelfth-hour disclosures. Fourth, the willfulness of Plaintiff is all too apparent: Plaintiff has consistently failed to cooperate in discovery or to adhere to the deadline set forth in the Court's Scheduling Order. Accordingly, Plaintiff must not be permitted to present witnesses and related evidence disclosed after the deadline for submitting the Pretrial Stipulation.

### 2. Documents Not Disclosed During Discovery Should Be Excluded.

The only documents produced by Plaintiff in this action were produced on February 12, 2009, during Plaintiff's deposition, which finally went forward one day prior to the discovery cut-off set forth in the Scheduling Order. In correspondence from

4

Defendant dated March 16 and 19, 2009, Plaintiff was requested to produce any other documents referenced at his deposition but not produced on that date or to confirm that he had no other responsive documents in his possession, custody, or control. Plaintiff has not produced <u>any</u> other documents. Defendant requests that the Court protect it from the last minute disclosure of any previously undisclosed documents by Plaintiff on the eve of or at trial.

Exclusion of documentary evidence is an appropriate sanction for a party's failure to make disclosures and supplementation as required under Rule 26(e). The imposition of such a sanction lies well within the Court's discretion. *See Crawford v. NCB, Inc.*, 2001 WL 833715 *1 (S.D. Fla. 2001) (excluding documentary evidence where Plaintiff failed to supplement disclosures and discovery responses). For the same reasons set forth above as to the grounds for excluding any previously undisclosed witnesses, the Court should preclude Plaintiff from putting into evidence at trial any documents not disclosed by the close of discovery on March 23, 2009.

In addition, the Court should exercise its discretion under Fed. R. Evid. 403 to preclude Plaintiff from introducing at trial any document not previously produced, because its probative value will be substantially outweighed by the danger of unfair prejudice to Defendant. *See* Fed. R. Evid. 403 (even relevant evidence can be excluded, if its probative value is substantially outweighed by the danger of unfair prejudice). Defendant will be severely prejudiced if the Court requires it to confront, for the first time on the eve of or at trial, evidence never produced in discovery or in accordance with the applicable Rules. Accordingly, such previously undisclosed documents should be excluded. *See Tzoumis v. Tempel Steel Co.,* 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001).

5

### 3. Evidence Regarding Matters or Issues Not Pleaded or Disclosed in Discovery Should be Excluded.

The Federal Rules of Civil Procedure require that Plaintiff adequately respond to Defendant's written discovery requests and questions during deposition. To the extent that Plaintiff has failed to identify any matter or issue for trial by the discovery cutoff, Plaintiff should be barred from presenting any such evidence or matter at trial.

A party may not present new issues at trial, if the groundwork for such issues has not previously been established under the operative pleadings. *See, e.g., Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357 (11th Cir. 1998) (parties frame issues and scope of litigation at the time the complaint is filed). In light of Plaintiff's failure to participate in a pretrial meeting, allowing Plaintiff to introduce any previously undisclosed issue at trial would work particularly severe prejudice to Defendant. *See, e.g., Wollenberg v. Comtech Mfg. Co.*, 201 F.3d 973, 978 (7th Cir. 2000) (purpose of pretrial is to resolve evidentiary disputes in advance of trial; accordingly, when a party frustrates that purpose, a court is well within its discretion to prohibit that party from introducing evidence).

Accordingly, the Court should exercise its discretion under Federal Rules of Evidence 402 and 403 to exclude any evidence regarding matters or issues not previously pleaded or disclosed in discovery on grounds of relevance and/or unfair surprise and prejudice to Defendant. *See, e.g., Cabello v. Fernández-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005) (court has wide discretion in determining the relevance of evidence offered at trial). *See also Noel Shows, Inc. v. United States*, 721 F.2d 327, 329-30 (11th Cir. 1983) (affirming exclusion of evidence relating to previously undisclosed matters because of potential confusion with issues raised in operative pleadings).

## CONCLUSION

For all of the foregoing reasons, Defendant Brown & Brown respectfully requests that this Court grant its Motion *in Limine* and enter an order precluding Plaintiff from offering any witness not disclosed by Plaintiff in discovery or any evidence related to such witness; any documents not disclosed or produced during discovery; and any evidence or argument relating to any matter or issue not disclosed in discovery.

Respectfully submitted,

/s/ Alysa J. Ward
**MARK A. HANLEY**
Florida Bar No. 328405
mhanley@glennrasmussen.com
**ALYSA J. WARD**
Florida Bar No. 0145858
award@glennrasmussen.com
**GLENN RASMUSSEN FOGARTY &
 HOOKER, P.A.**
100 South Ashley Drive, Suite 1300
Tampa, Florida 33602
Telephone:  (813) 229-3333
Facsimile:   (813) 229-5946
*Attorneys for Defendant
 Brown & Brown, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

THE UNDERSIGNED HEREBY CERTIFIES that she has attempted to speak by telephone with Plaintiff, who is acting *pro se*,  prior to  filing this Motion *in Limine*, in a good faith effort to resolve the issues raised herein.  Counsel for Defendant did not reach Plaintiff but, instead, left a message on Plaintiff's voice mail, explaining the nature and basis of this Motion, requesting that Plaintiff contact her to discuss, and advising Plaintiff that she will consider him to oppose this Motion if he does not respond by the close of

business on May 4, 2009, the deadline for filing motions *in limine* pursuant to the Court's Scheduling Order.  Plaintiff has not responded to Counsel for Defendant's request for a Rule 7.1.A.3 Conference; accordingly, it is the undersigned's understanding that Plaintiff opposes the Motion.

/s/  Alysa J. Ward_____
Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2009, I electronically filed the foregoing Notice with the Clerk of the Court via the CM/ECF system, and additionally, pursuant to CM/ECF Section 2C and the Court's March 5, 2009, Order, served the foregoing by U.S. Mail and Federal Express (signature required) on:  Christian E. Kappelmann, 1565 Coral Ridge Drive, Coral Springs, FL.

/s/ Alysa J. Ward_____
Attorney

02433-00900 445925 v1